UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KWESI B. AMONOO,

Plaintiff,

v.

Case No. 26-cv-1272-bhl

EATON MANUFACTURING,

Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP**

On July 21, 2026, Plaintiff Kwesi B. Amonoo, proceeding without an attorney, filed a complaint against his former employer, Defendant Earon Manufacturing. Amonoo is a frequent filer, both here and in the Milwaukee County Circuit Court. *See Amonoo v. David J Frank Landscape Contracting, Inc.*, 25-cv-1380-BHL (E.D. Wis. Sep. 9, 2025); *Amonoo v. Mullins*, Milwaukee Cnty., No. 2026CV006599, https://wcca.wicourts.gov/ (last visited August 7, 2026); *Amonoo v. Arden Prop. Grp., Inc.*, Milwaukee Cnty., No. 2026CV003059, https://wcca.wicourts.gov/ (last visited August 7, 2026). Amonoo has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 3.)

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Amonoo's affidavit does not provide sufficient information about his financial status to grant his IFP motion, and parts of it raise additional, unanswered, questions. (ECF No. 3.) He represents that he is unemployed, unmarried, and supports no dependents. (*Id.* at 1.) He made roughly $7,000 from his employment from September 2025 to June 2026 at Best Choice. (*Id.* at 2.) He represents that he pays $450 in rent, and between $400 and $500 in other household expenses. (*Id.* at 2.) He states that he does not know his total monthly expenses. (*Id.* at 3.) He owns two cars, neither of which run, and he does not estimate their value. (*Id.*) Confusingly, he states that he has $370 in cash, checking, or savings, when he

is collecting unemployment. (*Id.*) He does not specify if that is a monthly or weekly amount or when he receives or received it.

More confusingly, Amonoo also attaches a copy of a State of Wisconsin Circuit Court Petition for Waiver of Fees and Costs, Declaration of Indigency. (ECF No. 3-1.) This document lists "Amonoo v. Eaton Manufacturing" on its caption, and rather than a case number, lists his putative claims: "Employment discrimination, hostile work environment, religious violation/retaliation & Americans with Disabilities Act violation." (*Id.* at 1.) The document was stamped "filed" by Anna Maria Hodges, Clerk of Circuit Court, on July 17, 2026, and also bears a Circuit Court Judge's signature, also dated July 17, 2026. (*Id.* at 1, 3.) In this document, Amonoo makes different representations: that he owns no cars, has no cash or other assets, and does not mention his unemployment benefits. (*Id.* at 1–2.)

Given the totality of the circumstances, Amonoo's declaration is insufficient to support his motion. Without an accurate report of Amonoo's income and expenses, the Court cannot accurately assess whether he is indigent. He has filed documents that are inconsistent. And it is unclear how much he currently receives or received in unemployment benefits. Because his motion does not contain sufficient evidence to establish whether he is indigent, the Court will deny his motion to proceed IFP without prejudice. *See* 28 U.S.C. §1915(a)(1); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980). If Amonoo wishes to continue his case, he must either renew his motion with a more complete affidavit or pay the filing fee by **September 7, 2026**. If he does not do so, the Court will dismiss his case for failure to prosecute. *See* Civil L.R. 41(c). The Court reminds Amonoo that if he makes knowingly false representations in his affidavit, he may be subject to sanctions.

The attached state court petition also suggests that Amonoo may have already sued this defendant in state court for the same claims he raises here. It appears this state court case, if it was filed, as suggested by the form attached to Amonoo's IFP motion, might arise from the same conduct, sue the same defendant, and bring the same claims as Amonoo attempts to bring here. (ECF No. 1.) If that is the case, this case may be barred by the doctrine of claim splitting. Claim splitting is a part of the law of res judicata. *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020). Claim splitting blocks a second lawsuit without a final judgment on the merits in the first if there is identity of parties in both suits and an identity in the causes of action. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (citing *Barr v. Bd. of*

*Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Claims have identity in the causes of action "if the 'claims arise out of the same set of operative facts or the same transaction.'" *Id.* (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). Amonoo should consider if that is the case here and if he must amend his allegations or focus on litigating these claims in just one forum.

Accordingly,

**IT IS HEREBY ORDERED** that Amonoo's Motion to Proceed IFP, ECF No. 3, is **DENIED without prejudice**. Amonoo must either renew his motion to proceed IFP, and provide a more complete affidavit, or pay the filing fee by **September 7, 2026**. If Amonoo does not renew his motion or pay the filing fee, his case will be dismissed for failure to prosecute, pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on August 7, 2026

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge